**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBIE TAKATA, | No. 12-35927 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05068-RMP |
| v. | |
| HARTFORD COMPREHENSIVE EMPLOYEE BENEFIT SERVICE COMPANY, a foreign corporation; BATTELLE MEMORIAL INSTITUTE, a foreign corporation; BATTELLE MEMORIAL INSTITUTE EMPLOYEES LONG TERM DISABILITY BENEFITS PLAN, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Argued and Submitted April 8, 2014
Seattle, Washington

Before: KOZINSKI, Chief Judge, and RAWLINSON and BEA, Circuit Judges.

---

      * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Debbie Takata appeals from the district court's entry of summary judgment in favor of defendants in her action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Hartford terminated Takata's disability benefits after it recorded surveillance videos showing Takata engaging in activities, such as teaching martial arts classes, that were inconsistent with her statements and reported symptoms.

1. Takata did not produce any evidence to rebut defendants' declarations that Hartford (not Battelle) administered her plan, even though she had been given the opportunity to conduct discovery on the matter. Therefore, there was no conflict of interest and we accordingly apply the deferential abuse of discretion standard of review to Hartford's termination decision.

2. Given the video, Hartford's failure to provide detailed reasons distinguishing its benefits decision from that of the Social Security Administration does not compel a conclusion that Hartford abused its discretion. *See, e.g.*, *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009).

3. Hartford's initial denial letter implicitly notified Takata that a physician's recitation of her reported symptoms would not be sufficient for Hartford to reverse its initial termination of benefits. Takata, moreover, to this day has still not

2

presented objective medical evidence demonstrating the extent of her disability,

even though she without question had the opportunity to do so in this appeal. *See*

*Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872 (9th

Cir. 2008). Therefore, Hartford did not violate 29 C.F.R. § 2560.503-1(g)(1)(iii).

AFFIRMED.